IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


STEVEN R. STONE,

       Plaintiff,

    -vs-                                                         No. Civ. 12-0616 LH/LAM

FORD MOTOR CREDIT, AMERICAN RECOVERY
SERVICE, INC., and JOHN DOE (Tow Truck Driver),

       Defendants.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court *sua sponte* on the Order to Cure Deficiency (Docket No. 3), filed June 13, 2012. As Plaintiff Steven R. Stone has not complied with the Order, the Court finds that the Complaint will be **dismissed without prejudice**.

On June 7, 2012, when presenting his Complaint for Damages[,] Civil Rights Violations, (Docket No. 1), pro se Plaintiff Steven R. Stone refused to pay the filing fee, as required by statute. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350."). Mr. Stone also refused to fill out and submit an application to proceed without prepayment of filing fees, under 28 U.S.C. § 1915.

On June 13, 2012, Magistrate Judge Martinez ordered Mr. Stone either to pay the filing fee or to submit an application to proceed *in forma pauperis* within 30 days. Order to Cure Deficiency. In her Order, Judge Martinez also informed Mr. Stone that if he failed to cure the designated

deficiency, "this action may be dismissed without prejudice without further notice." *Id.* Mr. Stone has failed to comply in any manner with Judge Martinez's Order.

FEDERAL RULE OF CIVIL PROCEDURE 41(b) provides for the *sua sponte* dismissal of cases in which a plaintiff fails to comply with the rules or a court order. *See, e.g., Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders.") (emphasis added) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Similarly, Rule 83 sets forth the Court's power to "regulate practice in any manner consistent with federal law." FED. R. CIV. P. 83(b). Furthermore, the Court also has inherent power to regulate and control its civil docket. *See Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power . . . 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

Given Plaintiff's failure to comply with statutory requirements and the rules and orders of the Court, his Complaint will be dismissed without prejudice. *See Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (noting that court may dismiss case without prejudice for failure to comply with Rule 8, "without attention to any particular procedures"); *James v. Roberts*, 458 F. App'x 734, 737-38 (10th Cir. 2012) (affirming dismissal of case for failure to obey order to pay partial filing fees). The Court also takes this opportunity to inform Mr. Stone that future attempts to file cases without either paying the filing fee or submitting an application to proceed *in forma pauperis* may result in the striking of the filing and the imposition of filing restrictions or other sanctions.

WHEREFORE,

**IT IS HEREBY ORDERED** that the Complaint for Damages[,] Civil Rights Violations (Docket No. 1), filed June 7, 2012, is **DISMISSED WITHOUT PREJUDICE**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

3